

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:12CR66

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | PRELIMINARY |
| v. | ) | ORDER OF FORFEITURE |
| 3) NANCY DIRAFFAELE | ) | BY CONSENT |
| 4) GARY HOFFMAN, | ) | |
| Defendants. | ) | |

Whereas, on June 20, 2012, the Grand Jury for the Western District of North Carolina returned a Bill of Indictment against defendants Gary Hoffman and Nancy DiRaffaele, husband and wife, and other defendants, charging them in Count One with conspiring with possession to distribute opium poppy, a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a), and in Count Two with conspiring under 18 U.S.C. § 1956(h) to commit "promotion" money laundering under 18 U.S.C. § 1956(a)(1)(A)(i), "concealment" money laundering under 18 U.S.C. § 1956(a)(1)(B)(i), and "monetary transaction" (over $10,000) money laundering under 18 U.S.C. § 1957.

Whereas, the Bill of Indictment included a Notice of Forfeiture and Finding of Probable Cause, pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853, of all property involved in, used or intended to be used to facilitate the charged violations, all proceeds thereof, and substitute property for, including but not limited to, concerning the property specifically of defendants Gary Hoffman and Nancy DiRaffaele:

1

a. a personal money judgment against NANCY DIRAFFAELE and GARY HOFFMAN in the amount of $2,081,690.60;

b. the sum of approximately $159,582.97 in United States currency frozen in bank Account 6981 at Bank of America, Del Tura Plaza, 1880 North Tamiami Trail, in North For Myers, Florida, on February 10, 2011;

c. the sum of approximately $31,442,74 in United States currency frozen in bank Account 4878 at Bank of America, Del Tura Plaza, 1880 North Tamiami Trail, in North For Myers, Florida, on February 10, 2011;

d. the sum of approximately $36,083.22 in United States currency frozen in bank Account 40004 at Wachovia Bank, 224 Board Street, Milford, Pennsylvania on February 10, 2011;

e. Real property located at 128 Overbrook Run, Milford, Pike County, Pennsylvania, 18337, as more particularly described in a deed recorded at book 2345, page 1636, in the Pike County, Pennsylvania, public registry.

Whereas, on May 3, 2013, defendants Gary Hoffman and Nancy DiRaffaele, pleaded guilty without a plea agreement to Count Two of the Bill of Indictment.

Whereas, the United States intends to dismiss Count One of the Bill of Indictment.

Whereas, on October 24, 2013, the United States filed a Motion for a Preliminary Order of Forfeiture, and on August 13, 2014, a Supplemental Motion for a Preliminary Order of Forfeiture concerning the above-described property.

Whereas, on October 1, 2014, defendants Gary Hoffman and Nancy DiRaffaele filed a Joint Response to the United States' Supplemental Motion for a Preliminary Order of Forfeiture.

Whereas, the United States and defendants Gary Hoffman and Nancy DiRaffaele have agreed to a settlement concerning the property described in the Notice of Forfeiture and Finding of Probable Cause.

Whereas, Defendants Gary Hoffman and Nancy DiRaffaele have stated that they have no assets with which to pay a money judgment and have agreed that proceeds of the specified unlawful

activity – the money laundering offense in Count Two, to which they have pleaded guilty -- were co-mingled with other deposits in the three above-described bank accounts:

    b.    the sum of approximately $159,582.97 in United States currency frozen in bank Account 6981 at Bank of America, Del Tura Plaza, 1880 North Tamiami Trail, in North For Myers, Florida, on February 10, 2011;

    c.    the sum of approximately $31,442,74 in United States currency frozen in bank Account 4878 at Bank of America, Del Tura Plaza, 1880 North Tamiami Trail, in North For Myers, Florida, on February 10, 2011;

    d.    the sum of approximately $36,083.22 in United States currency frozen in bank Account 40004 at Wachovia Bank, 224 Board Street, Milford, Pennsylvania on February 10, 2011.

Whereas, the parties have agreed that defendants Gary Hoffman and Nancy DiRaffaele are the sole owners of the said three sums of currency.

Whereas, the United States has agreed to dismiss the Notice of Forfeiture and Finding of Probable Cause in the Bill of Indictment against the following assets:

    a.    a personal money judgment against NANCY DIRAFFAELE and GARY HOFFMAN in the amount of $2,081,690.60;

    e.    Real property located at 128 Overbrook Run, Milford, Pike County, Pennsylvania, 18337, as more particularly described in a deed recorded at book 2345, page 1636, in the Pike County, Pennsylvania, public registry.

Whereas, the United States has agreed to dismiss the Complaints in the related civil-forfeiture cases of *United States v. $36,083.22*, 1:11cv145, and *United States v. 128 Overbrook Run*, 1:12cv28.

Whereas, based upon the Bill of Indictment, the guilty pleas of defendants Gary Hoffman and Nancy DiRaffaele, and the agreements and representations of the parties, the requisite nexus between the three above described sums of money and the offenses to which the defendants have

pleaded guilty is established.

Whereas, the agreements in this Settlement Order pertain only to forfeiture and have no effect on the freedom of either party to put forth arguments concerning loss amounts under the Guidelines at sentencing.

It is therefore ORDERED:

1. Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Fed. R. Crim P.32.2(b), the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

   b. the sum of approximately $159,582.97 in United States currency frozen in bank Account 6981 at Bank of America, Del Tura Plaza, 1880 North Tamiami Trail, in North For Myers, Florida, on February 10, 2011;

   c. the sum of approximately $31,442,74 in United States currency frozen in bank Account 4878 at Bank of America, Del Tura Plaza, 1880 North Tamiami Trail, in North For Myers, Florida, on February 10, 2011;

   d. the sum of approximately $36,083.22 in United States currency frozen in bank Account 40004 at Wachovia Bank, 224 Board Street, Milford, Pennsylvania on February 10, 2011.

2. The Attorney General (or his designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), the United States shall post on an official government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture.

4. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. This Preliminary Order of Forfeiture shall become final as to the defendant at the time of entry. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that the Notice of Forfeiture in the Bill of Indictment and all forfeiture allegations by the United States are dismissed against the following two properties:

    a.    a personal money judgment against NANCY DIRAFFAELE and GARY

HOFFMAN in the amount of $2,081,690.60;

e.  Real property located at 128 Overbrook Run, Milford, Pike County, Pennsylvania, 18337, as more particularly described in a deed recorded at book 2345, page 1636, in the Pike County, Pennsylvania, public registry.

IT IS SO ORDERED.

_____     11/14/14
Sean Devereux                       Date
Counsel to Gary Hoffman

_____
Gary Hoffman

_____     11/14/14
Mary Ellen Coleman                  Date
Counsel to Nancy DiRaffaele

_____
Nancy DiRaffaele

Anne Tompkins
United States Attorney

_____     11/14/14
Thomas R. Ascik                     Date
Assistant United States Attorney


This __7__ day of __July__, ~~2014~~ 2015.

_____
MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE